STATE OF WEST VIRGINIA

*v.*

G. B. G.

(No. 14661)

Decided March 10, 1981.

*David L. Ziegler* for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *S. Clark Woodroe*, Assistant Attorney General, for defendant in error.

PER CURIAM:

The appellant, G. B. G., brings this appeal pursuant to the provisions of *W. Va. Code*, 49-5-10(f), contending that the Circuit Court of Summers County erred in transferring him from the circuit court's juvenile jurisdiction to its criminal

jurisdiction. The appellant's principal argument is that the trial court failed to properly consider his individual circumstances before transferring him for treatment as an adult and, that it placed undue emphasis on the serious nature of the charge against him. Concluding that the trial court committed no legal error and did not abuse its discretion, we affirm.

On November 28, 1978, the appellant, then sixteen years old, was charged by two delinquency petitions with murder and malicious wounding. Both charges stemmed from a shooting incident which occurred on the previous day.

On December 30, 1978, the State filed a transfer motion under the provisions of *W.Va. Code*, 49-5-10 [1978], alleging that there was probable cause to believe that the appellant had committed the crime of murder in violation of *W.Va. Code*, 61-2-1. On January 12, 1979, an evidentiary hearing was held on the transfer motion, and thereafter the proceedings were continued for the purpose of obtaining additional psychological and psychiatric reports pertaining to the appellant's criminal responsibility for the alleged wrongs and his competency to stand trial. On May 7, 1979, the trial court concluded the transfer proceedings and stated on the record the findings of fact and conclusions of law upon which it based its decision to transfer the proceeding to criminal jurisdiction. *See, W.Va. Code*, 49-5-10(e).

The court found the State had shown by clear and convincing proof that there was probable cause to believe that the appellant had committed murder as charged in the motion to transfer and specifically noted that the evidence was such that a jury would be warranted in finding that the homicide was committed with malice. This aspect of the trial court's ruling is not challenged by the appellant. The court also went on to consider the psychiatric and psychological reports concerning the appellant's condition. The reports contain statements bearing on the appellant's mental and physical condition, his maturity, emotional attitude, home and family environment, and similar personal factors. The court also considered the testimony of the appellant's mother and father concerning the

appellant's home life and performance in high school which was adduced on behalf of the appellant in the January 12, 1979 transfer hearing.

The law applicable to the instant case is not in dispute. The parties agree that the 1978 transfer statute is applicable to the facts of this case, because the alleged criminal act was committed after the effective date of the 1978 amendments to this statutory provision. *W.Va. Code*, 49-5-10(d)(1); *State v. Bannister*, 162 W.Va. 447, 250 S.E.2d 53 (1978). The State contends that the trial court did not abuse its discretion since it considered many personal factors as well as the 1978 transfer standard set out in *W.Va. Code*, 49-5-10 before ordering transfer of this case. We agree.

We have traditionally held that a decision on the transfer of a juvenile to the adult court is a subject to our review. This was made clear in Syllabus Point 2 of *State v. McArdle*, 156 W.Va. 409, 194 S.E.2d 174 (1973): "The waiver of juvenile jurisdiction by a juvenile court is subject to review by an appellate court . . . ." *See also, State v. M. M.*, 163 W.Va. 235, 256 S.E.2d 549 (1979); *State v. Trail*, 163 W.Va. 352, 255 S.E.2d 900 (1979).

The trial court in the instant case had before it evidence concerning the child's mental and physical condition, his home and family background, his school experience, and similar personal factors at the time it made the transfer decision. The fact that some of this evidence was introduced by the appellant is of no legal consequence. Moreover, the trial court, in the proper exercise of its sound judicial discretion, carefully considered the appellant's individual background.

A majority of the Court, upon a careful consideration of all the facts and circumstances, concludes that the trial court committed no legal error and did not abuse its discretion in transferring the appellant to the criminal jurisdiction of the circuit court.

Chief Justice Harshbarger and Justice McGraw dissent from the holding of the majority of the Court and would reverse.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*