# CHARLESTON.

STATE v. PAUL ZACCARIO

(No. 5341)

Submitted September 15, 1925. Decided October 6, 1925.

1. CRIMINAL LAW—*Conditions to Render Admissible Evidence of Extrajudicial Confession to One in Authority or Some Person Acting Under Apparent Sanction of Those in Authority Stated.*

   To render admissible evidence of an extra-judicial confession by an accused to one in authority, or some person acting under the apparent sanction of those in authority, it must appear that the confession was freely and voluntarily made and without previous inducements of a temporal or worldly character in the nature of threats or intimidation, or some promise or benefit held out to the accused by which he may expect mitigation of punishment or to escape from the consequence of his crime.

   (Criminal Law, 16 C. J. §§ 1468, 1509).

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Monongalia County.

Paul Zaccario was convicted of violation of the prohibition laws, and he brings error.

*Reversed and remanded.*

*Eugene H. Long,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

LITZ, JUDGE:

An indictment in two counts was returned against the defendant, charging him (1) with owning, operating, maintaining, possessing and having an interest in a moonshine still; and (2) with aiding and abetting in the operation thereof. To the judgment of the Circuit Court, upon a verdict of conviction "as charged in the indictment", imposing a fine of $300 and sentence of two and a half years in the penitentiary, he prosecutes this writ.

Having a warrant for the search of the dwelling house and premises of the defendant, J. S. Watson, a constable, accompanied by two other persons, went to the home of defendant at 10:30 or 11:00 o'clock at night, August 19, 1924. In the yard, "about forty-eight steps from the house", they found seventeen pints of moonshine liquor. There was also discovered next morning, one-fourth mile from the residence, two stills and three hundred gallons of mash.

In addition to these facts, the prosecution introduced, over the objection of defendant, evidence of an alleged confession by him after his arrest to the jailor and arresting officer, without showing that it had been freely and voluntarily made. The defendant denied the confession and stated, without contradiction, he was assaulted by the jailor for refusing to make any incriminating statement.

The admission of the alleged confession in the absence of proof that it had not been obtained under inducements of fear or favor is relied on for reversal. According to some authorities, including Wigmore on Evidence, confessions of accused persons are presumed to be voluntary. Common judgment and human experience, however, inveigh against such theory. Confession of guilt by an accused is certainly not usual, natural or ordinary. The State should have shown by affirmative testimony as a condition precedent to its admissibility that the confession was not made under inducements of fear or favor. *State* v. *Goldizen,* 93 W. Va. 328, °334; *Jackson* v. *Commonwealth,* 116 Va. 1015, 81 S. E. 192; *Mitchell* v. *Commonwealth,* 33 Gratt. 845; *Thompson* v. *Commonwealth,* 20 Gratt. 724.

There is no merit in any other assignment of error.

The judgment of the Circuit Court will be reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Reversed and remanded.*