STATE OF WEST VIRGINIA

*v.*

WILLIAM GEORGE TRAIL, JR.

(No. 14166)

Decided March 20, 1979.

Rehearing Denied July 10, 1979.

*John C. Ashworth* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Pamela D. Tarr,* Assistant Attorney General, for defendant in error.

*McGraw, Justice:*

On the morning of December 31, 1972, Gordie S. Mullens, a gasoline service station attendant at Daniels, West Virginia, was shot to death.

Over a year later, on January 17, 1974, the defendant, while an inmate at Leckie Correctional Center for runaway, theft, truancy and tampering with an automobile,

was arrested for that homicide. The next day he was brought before a justice of the peace in Raleigh County who determined that the defendant was then 17 years of age and transferred the proceedings to the Juvenile Court of Raleigh County. The juvenile court refused to assert jurisdiction over the defendant. In the fall of 1974, defendant was released from the Leckie Correctional Center. The record reveals no prosecution or further activity in the case by any law enforcement agency until July, 1977.

In July, 1977, defendant (then twenty years old) was arrested under a warrant executed on July 18th and two months later was indicted for murder. A transfer hearing was held on December 12, 1977, and defendant was ordered to be transferred from the juvenile jurisdiction unto the criminal jurisdiction of the circuit court upon the prosecuting attorney's motion. There has been no trial or adjudication of guilt whatsoever at this point in time.

The defendant, appealing from the transfer hearing per W. Va. Code § 49-5-10 [1977], advances the following arguments:

1. He was denied the right to a speedy trial in violation of the Fifth and Sixth Amendments to the United States Constitution and Article III, § 14 of the West Virginia Constitution.

2. He was denied a meaningful transfer hearing.

3. The court below erred in not suppressing the confessions the defendant made; not reducing his bond or releasing him on his own recognizance; and not affording defendant all social, investigative, medical and law enforcement reports pertinent to him and his case.

I

This appeal is from the order transferring defendant from the circuit court's juvenile jurisdiction to its criminal jurisdiction as provided for in W. Va. Code § 49-5-10(c)

[1977] which states, "The child shall have the right to appeal to the supreme court of appeals from this order."

Our Constitution says the West Virginia Supreme Court of Appeals "shall have appellate jurisdiction in criminal cases, where there has been a conviction for a felony or misdemeanor in a circuit court . . . . It shall have such other appellate jurisdiction, in both civil and criminal cases, as may be prescribed by law." W. Va. Const. Art. VIII, § 3. W. Va. Code § 49-5-10(c) is an example of a statutorily created limited right of appeal prescribed by law.

This statutory right to an appeal provides an efficient mode of reviewing the crucial trial court determination to treat an accused child as an adult under its criminal jurisdiction. The United States Supreme Court has characterized the decision to try a juvenile as an adult as a 'critically important' action determining vitally important statutory rights of the juvenile. *Kent v. United States*, 383 U.S. 541, 556, 86 S. Ct. 1045, 16 L. Ed.2d 84 (1966). This statutory appeal permits a child placed under the court's criminal jurisdiction to receive a timely review of the transfer hearing, *see* Note, 60 Va. L. Rev. 818 (1974), and is intended to spare the child from being wrongfully proceeded against as an adult when he should have been dealt with as a juvenile from the start.

Our review of such transfer orders will ordinarily focus on the findings of fact and conclusions of law upon which the court based its decision to make the transfer to criminal jurisdiction. *See*, W. Va. Code § 49-5-10(e), and *State ex rel. E. D. v. Aldredge*, ____W. Va.____, 245 S.E.2d 849 (1978), which require the findings of fact and conclusions of law be incorporated in the transfer order.

## II.

At the outset, we must conclude that certain of defendant's arguments are not reviewable in this statutory appeal from the transfer order and will not be addressed by us at this time.

On November 11, 1977, defendant filed, along with a host of other motions, a "Motion for Dismissal on Constitutional Grounds" wherein he alleged that his constitutional right to a speedy trial had been denied due to the long delay in prosecuting him for the offense which occurred nearly five years earlier. The trial court in its general order of December 12, 1977, denied this relief.

We feel that the question of whether there was undue delay and a consequent violation of defendant's right to a speedy trial is beyond the scope of the limited appellate review provided by W. Va. Code § 49-5-10(f). The proper way to raise a speedy trial claim before this Court prior to trial is by an original prohibition proceeding as was done in *State ex rel. Erlewine v. Thompson*, 156 W. Va. 714, 207 S.E.2d 105 (1973). Similarly, the United States Supreme Court recently held that a pre-trial denial of a dismissal of a speedy trial claim is not an appealable order. *United States v. McDonald*, 435 U.S. 850, 98 S. Ct. 1547, 56 L. Ed.2d 18 (1978).

Given the current stage of development of the record in defendant's case, we would have great difficulty determining when he was an "accused" so as to trigger the Sixth Amendment protection. *U. S. v. Marion*, 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed.2d 468 (1971). And it would be more difficult to determine whether defendant was prejudiced by the delay, and whether the delay was justifiable in the absence of any verified information or recorded evidence bearing on the relevant factors set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed.2d 101 (1972).

Defendant's argument that his confession should be suppressed even more forcefully demonstrates to us the necessity of limiting the issues that can be raised in appeals from transfer hearings pursuant to W. Va. Code § 49-5-10(c).

The record in its current state of development contains various attacks on the confession, culminating with the trial court ordering as follows on December 12, 1977:

> The defendant's motion that all judicial [sic] statements of the defendant be suppressed as evidence is taken under advisement and will be ruled upon after a proper evidentiary hearing of the same.

The confession has not been ruled admissible and was not introduced into evidence at the transfer hearing but appears therein only as an exhibit filed by the defendant. In an appeal to a juvenile transfer hearing brought pursuant to W. Va. Code § 49-5-10(c), the Supreme Court of Appeals cannot consider the admissibility of a confession that neither has been used against the defendant nor has been ruled admissible by the trial court.

In short, the statutory appellate jurisdiction conferred upon the Supreme Court of Appeals in W. Va. Code § 49-5-10(c) is limited. Issues not related to the propriety of the transfer, though emerging as possible issues in a later appeal, are not properly considered in these statutory appeals. Review of a trial court's decision to transfer a child unto its criminal jurisdiction is a proper subject of appeal, but the denial of motions to dismiss on questions related to speedy trial and confessions as herein presented to us are not. Other courts have similarly denied interlocutory appeals from orders denying a motion to dismiss in juvenile cases. *See, e.g., In re Benedict*, 13 App. Div.2d 511, 212 N.Y.S.2d 605 (1961).

### III.

Defendant next complains that the trial court erred in not affording him all social, investigative, medical and law enforcement reports pertinent to him and his case.

At a hearing held on December 12, 1977, during the examination of Ms. Flicka Graves, juvenile probation officer for the Department of Welfare, the defendant's attorney noted on the record that he had been provided "the entire juvenile file" from the trial judge's secretary and that he took it to the circuit clerk's office where "they kindly copied for [him] those documents." It thus appears that the defendant received all that he had

requested prior to the transfer hearing. We are unable to ascertain to what, if anything, defendant was denied access.

We further note that defendant in his written motion for discovery asked for such things as exculpatory material, tangible objects seized, copies of any written or recorded statements, and results of any medical examinations or tests made in connection with his particular case, pursuant to W. Va. Code § 62-13-2,[2] but neither specifically or generally requested the type of material he now alleges was denied him.

Our inquiry into the propriety of the court's ruling on discovery under W. Va. Code § 49-5-10(c) is limited to its effect on the transfer hearing. Logically, only court orders respecting discovery entered prior to the transfer hearing could have any bearing whatsoever on that hearing. The child is entitled to receive full discovery as provided by law in order to best prepare for the crucial transfer hearing. The propriety of discovery prior to the hearing is a proper subject for appellate review under W. Va. Code § 49-5-10(f), but discovery orders entered after the transfer hearing are not properly before this Court in an appeal of a transfer hearing.

Once a child is properly transferred unto the court's criminal jurisdiction to be treated as an adult, traditional pre-trial discovery becomes applicable. A motion for discovery of material under W. Va. Code § 62-1B-3, as made by defendant below, "may be made at any time not later than ten days before trial, or at such reasonable later time as the court may permit." "Whether the failure to disclose is a fatal non-compliance with a pre-trial order depends on its prejudicial effect on the preparation and presentation of the defendant's case." *State v. Cowan,* 156 W. Va. 827. 835 197 S.E.2d 641, 646 (1973). Finally, "(a)bsent some particular showing of how late production of court-ordered discovery has affected the

---

[2]The State, in an "Answer to Motion for Discovery" provided or agreed to provide everything requested that it had.

petitioner's right to a fair trial, late production alone will not suffice to reach the constitutional level of denial of fair trial." *Wilhelm v. Whyte*, ____W. Va.____, 239 S.E.2d 735, 739 (1977).

First, in this case the record reveals there has been a transfer hearing but no trial. Thus, defendant has ample time to specifically request whatever material he seeks and the State has plenty of time to provide such material, assuming such material does in fact exist and has no already been provided. Likewise, we cannot at this time assess "the prejudicial effect [of non-compliance] on the preparation and presentation of the defendant's case," because the record indicates nothing but full and total compliance throughout and because there has been not trial at which defendant could have been surprised or prejudiced had the prosecution failed to comply as alleged. Finally, since there remains ample time for compliance by the State, assuming it has failed to fully comply as is apparently alleged, this case cannot, at this time, be said to involve the late production of court-ordered discovery.

In short, our inquiry into defendant's argument that the court erred in not affording the defendant certain pre-trial discovery is limited to what occurred before the transfer hearing took place. As detailed above, we find in the record nothing but total, unabridged compliance prior to the transfer hearing.

If defendant, at the proper time in the future, believes there is error in the trial court's discovery orders, he could accordingly pursue appellate relief.

IV.

We now address the issue squarely before this Court: Did the trial court err in ordering that defendant be transferred from the court's juvenile jurisdiction to its criminal jurisdiction?

The United States Supreme Court in *Kent v. United States*, 383 U.S. 541, 86 S. Ct. 1045, 16 L. Ed.2d 84 (1966)

followed by this Court in *State v. McArdle*, 156 W. Va. 409, 195 S.E.2d 174 (1973) and *State ex rel. Smith v. Scott*, ____W. Va.____, 239 S.E.2d 223 (1977) made it clear that a meaningful transfer hearing must be held before a child can be put under a trial court's criminal jurisdiction.

In *State v. McArdle* the conviction of possession and sale of marihuana was vacated becase the trial court "[w]ithout any evidence and actually without any hearing" expressly transferred the juvenile because "he [the accused juvenile] is mature enough to do that with which he is charged, that is, possessing and selling marihuana, he is mature enough to be treated as an adult..." *Id.* at 412, 194 S.E.2d at 176.

In *State ex rel. Smith v. Scott* we awarded a writ of prohibition to prevent the exercise of criminal jurisdiction where the trial court had granted the transfer motion for this stated reason:

> "There is not sufficient time remaining in the jurisdiction of this court within which to determine the guilt or innocence of the defendant of the charge contained in the warrant and to effectuate any meaningful program of rehabilitation or punishment."

In the case at bar, the trial court in its order of January 11, 1978, indicated that its decision to transfer was based upon the gravity and very violent nature of the murder, defendant's past record and "numerous dealings with the juvenile court," the fact that defendant was then 21 years old, and the fact that his home and family environment offered no hope of rehabilitation. The court's order and the record show that the defendant's mother, father, and grandmother were properly served with notice of the transfer hearing but that none showed up on defendant's behalf.

The record discloses upon what the court's order was based. Before the court were copies of the indictment, dispositional orders from defendant's prior juvenile pro-

ceedings, and reports concerning defendant's social history made by a social worker and psychologists.

Ordinarily, findings of fact made by a trial court will not be set aside unless they are clearly wrong. Syl. pt. 1, *State ex rel. Postelwaite v. Bechtold*, ____W. Va.____, 212 S.E.2d 69 (1975); syl. pt. 1, *State ex rel. Harrison v. Coiner*, 154 W. Va. 467, 176 S.E.2d 677 (1970).

Similarly, where the findings of fact and conclusions of law justifying an order transferring a juvenile proceeding to the criminal jurisdiction of the circuit court are clearly wrong or against the plain preponderance of the evidence, such findings of fact and conclusions of law must be reversed. Syl. pt. 1, *State v. Bannister*, No. 14152 (W. Va., filed December    , 1978).

Upon review of the record and the court's order, wherein its findings of fact and conclusions of law appear, we cannot say the trial court is clearly wrong and, consequently, we affirm.

## V.

Defendant assigns as error the trial court's refusal to reduce his bond below $20,000 or release him on his own recognizance, but does not in his brief explain why and how the court erred. Consequently, we can find no error in the court's refusal to reduce bond or release defendant on his own recognizance.

For the reasons stated, the trial court's order transferring the defendant to its criminal jurisdiction is affirmed.

*Affirmed.*