STATE OF WEST VIRGINIA

*v.*

BOBBY JUNIOR STOTLER

(No. 14646)

Decided July 29, 1981.

*Gilbert Wilkes, III,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Leonard B. Knee,* Assistant Attorney General, for defendant in error.

PER CURIAM:

Bobby Junior Stotler appeals from the Circuit Court of Berkeley County and challenges a final judgment which denied his motion to set aside the verdict and grant a new trial and sentenced him to a period of confinement in the penitentiary after a jury found him guilty of breaking and entering.

The appellant contends that the trial court erred in failing to sustain his motion to suppress an incriminating statement he gave while in custody. The appellant asserts several grounds to support his contention that the statement was inadmissible and among them is the assertion that the confession was procured by an improper inducement.

The appellant and his wife were arrested at their residence at 1:30 a.m. on April 30. They were taken to jail and the children were taken by police officers and placed in the custody of the welfare department. At the suppression hearing the appellant testified that during his incarceration Deputy Sheriff Burt told him, "Now look what you are doing to your wife and your kids, by your failure to cooperate." He testified that Burt also told him that his failure to cooperate would result in his children being placed in a foster home and his wife staying in jail, and that evidently he did not love his wife and children because of what he was putting them through. The appellant

testified that Burt then told him that if he cooperated and made a statement his wife would be released. The appellant's wife testified that she was present with Deputy Burt and her husband when this statement was made and she corroborated her husband's testimony. Deputy Burt denied making any of the statements and another officer who testified that he was present during this period corroborated Burt's version of the events. Both the defendant and his wife testified, however, that only Deputy Burt was present at these times. Confronted with these matters the appellant gave his incriminating statement at 3:41 p.m. on April 30. When he was asked at the suppression hearing whether he understood the statement he stated that he understood only that if he signed it his wife would be released. His wife was released at 5:30 p.m. The charges against her were dropped and she was never prosecuted. There is no explanation of why the case against her, which had apparently been strong enough to pursue on the morning of April 30, dissipated that evening.

The trial judge made no findings of fact on the issue of whether the confession was procured by an improper inducement. In absence of findings of fact by the trial court and upon our review of the record, we find that Deputy Burt employed the "family approach" in the appellant's interrogation by attempting to induce him to confess by confronting him with the welfare of his wife and children, by indicating that his silence adversely affected their welfare and by promising the release of his wife if he did confess. We further find that the confession was procured by these improper inducements. The testimony of the appellant and his wife, as well as the evidence of the chronological relationship of the confession and the wife's release support such findings. This reprehensible set of facts is further exacerbated by the undisputed facts that the appellant was held incommunicado for fourteen hours following his arrest, was not then represented by counsel, could barely read or write and was not taken before a magistrate until the Monday following his arrest early Saturday morning.

As long ago as 1897, the United States Supreme Court held that a confession is not voluntary if extracted by threats or improper influences or promises. *Bram v. United States*, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897). In this State it has long been established that:

> "To render admissible evidence of an extra-judicial confession by an accused to one in authority, ... it must appear that the confession was freely and voluntarily made and without previous inducements of a temporal or worldly character in the nature of threats or intimidation, or some promise or benefit held out to the accused . . . ." Syllabus, *State v. Zaccario*, 100 W.Va. 36, 129 S.E. 763 (1925), *in part*.

See also, State v. Richards, 101 W.Va. 136, 132 S.E. 375 (1926); *State v. Brady*, 104 W.Va. 523, 140 S.E. 546 (1927); *State v. Mayle*, 108 W.Va. 681,152 S.E. 633 (1930); *State v. Stevenson*, 147 W.Va. 211, 127 S.E.2d 638 (1962); *State ex rel. Burton v. Whyte*, 163 W.Va. 276, 256 S.E.2d 424 (1979). Additionally, both federal and state courts have repeatedly condemned the type of coercion referred to as "the family approach". Thus, confessions obtained by threats to arrest the accused's wife, *Rogers v. Richmond*, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961), or to take the accused's children from her, *Lymunn v. Illinois*, 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963), have been held inadmissible. Similarly, courts have condemned coercion characterized by statements regarding the terrible affect the accused's silence was having on the children. *Hawthorne v. State*, 377 So. 2d 780 (Fla. App. 1979). We conclude that the appellant's confession was procured by improper inducements in the nature of threats and promises, and was for this reason not voluntary; and we conclude that the trial court erred in overruling the appellant's motion to suppress the confession and erred in admitting it into evidence over the appellant's objection.

For the foregoing reason the final judgment complained of is reversed and the case is remanded for a new trial.

*Reversed and remanded.*

MCHUGH, JUSTICE, *dissenting*:

I dissent from the holding of the majority of the Court for the reason that this case was submitted to the jury with a proper instruction on the issue of whether or not the confession was voluntarily given. Initially, the trial judge found that the statement of the defendant was voluntarily given. He then again considered the matter during trial and finally instructed the jury on this issue. The defense counsel did not object to such instruction nor was an assignment of error made to this Court on the wording of the instruction. A question of fact arose as to which person or persons testified truthfully on the inducement issue. The jury obviously chose to disbelieve the defendant and his wife.

Syllabus points 2, 3 and 4 of *State v. Vance*, 250 S.E.2d 146 (W. Va. 1978) cogently set forth the standards to be applied by this Court in regard to the admissibility of confessions. I believe these standards should have been followed in this case:

> 2. It is a well-established rule of appellate review in this state that a trial court has wide discretion in regard to the admissibility of confessions and ordinarily this discretion will not be disturbed on review.
>
> 3. A trial court's decision regarding the voluntariness of a confession will not be disturbed unless it is plainly wrong or clearly against the weight of the evidence.
>
> 4. We adopt the 'Massachusetts' or 'humane' rule whereby the jury can consider the voluntariness of the confession, and we approve of an instruction telling the jury to disregard the confession unless it finds that the State has proved by a preponderance of the evidence it was made voluntarily.

The trial court's decision on the voluntariness of the confession was not plainly wrong nor was it clearly against the weight of the evidence. The jury was instructed to

disregard the confession unless the State proved beyond a reasonable doubt that it was made voluntarily.

Contrary to the holding in *State v. Vance, supra,* the majority of the Court in this case is improperly substituting its judgment for that of the trial judge and the jury and, therefore, I will not join in the majority opinion.

I am authorized to state that Justice Neely joins me in this dissent.