STATE OF WEST VIRGINIA

*v.*

JAMES WARD

(No. 15170)

Decided December 8, 1981.

*Robert E. Wright* for appellant.

*Chauncey H. Browning,* Attorney General, and *Timothy Huffman,* Assistant Attorney General, for appellee.

PER CURIAM:

This is an appeal by James Ward from an order of the Circuit Court of Wetzel County sentencing him to twenty years in the state penitentiary as an accessory before the fact to the crime of armed robbery. The appellant claims that the trial court denied him a speedy trial and that the

court made erroneous pretrial and evidentiary rulings. After carefully examining the record, we conclude that the court committed no reversible error, and we affirm the appellant's conviction.

During the May 1978 Term of the Circuit Court of Wetzel County an indictment was returned charging the appellant with being an accessory before the fact to the crime of armed robbery. At the time the appellant was absent from the jurisdiction of the court, and he did not reappear until the January 1979 Term. Upon his reappearance trial was promptly set for a date late in the January Term.

Before the appellant's trial the court made three rulings which are now the subject of assignments of error. First, the court allowed the State to amend its list of prospective witnesses. Second the court denied the appellant's "motion in limine". By this motion the appellant sought to exclude from trial all evidence of his acts after the robbery mentioned in the indictment. The appellant took the position that the evidence would involve collateral crimes and would prejudice his case. Third, the trial court continued the case until the next term of court. This occurred after it came to the attention of the court that defense counsel had worked for the prosecuting attorney of an adjoining county at the time of the commission of the robbery. The court granted the continuance to afford defense counsel an opportunity to investigate the possible conflict of interest.

The appellant was tried on May 14, 1979. The State's principal witness was Jerry Lee Hicks who testified under a grant of immunity. He admitted that he had committed the robbery in question. He further testified the appellant had planned and arranged the robbery. Over defense counsel's objection that such testimony would involve evidence of collateral crimes, he stated that after the robbery he was instructed by the appellant to take a safe stolen during the robbery to Ohio and that the appellant had later met him there and had attempted to open it.

When the State had completed its case-in-chief, the appellant took the stand and denied that he had in any

way participated in the planning or arranging of the robbery.

During rebuttal, the state called Dora Morgan, the appellant's stepdaughter. Ms. Morgan, who had not testified in the State's case-in-chief, contradicted the appellant's testimony and said that she had overheard the appellant and other persons plan the crime. Defense counsel objected to Ms. Morgan's testimony and moved for a mistrial, on the ground that the testimony should have been introduced during the State's case-in-chief. The court denied the motion for a mistrial, but struck Ms. Morgan's testimony and instructed the jury to disregard it.

On appeal the appellant asserts that he was denied a speedy trial because of the continuance of his case from the January 1979 Term to the May 1979 Term. The continuance was triggered by his own counsel's possible conflict of interest resulting from his prior position with the prosecuting attorney of another county. The matter was brought to the attention of the trial court on April 23, 1979, almost at the end of the January 1979 Term. The trial court reset the trial for May 14, 1979. No objection was made to this procedure.

Recently in *State ex rel. Shorter v. Hey*, No. 15068 (W. Va. Sup. Ct., March 17, 1981), we held that Chapter 62, Article 3, Section 1, of the West Virginia Code of 1931, as amended, normally requires that an accused be tried in the term in which he is indicted. We recognized, however, that upon finding good cause, a trial court may continue trial beyond the term in which the indictment is returned. In syllabus point 2 of *Shorter* we said:

> "The determination of what is good cause, pursuant to *W.Va. Code*, 62-3-1, for a continuance of a trial beyond the term of indictment is in the sound discretion of the trial court, and when good cause is determined a trial court may, pursuant to *W.Va. Code*, 62-3-1 grant a continuance of a trial beyond the term of indictment at the request of either the prosecutor or defense, or upon the court's own motion."

In view of the fact that a potential conflict of interest affecting defense counsel arose, we believe that good cause existed for continuing the appellant's trial, and that the trial judge did not abuse his discretion.

The second point asserted by the appellant is that the trial court erred in denying his in-limine motion and in allowing into evidence testimony regarding his actions after the commission of the robbery. Essentially, he argues that the crime of being a principal in the commission of a crime and the crime of being accessory after the fact are distinct from the crime of being an accessory before the fact. He asserts that by allowing the jury to consider testimony regarding his conduct after the commission of the robbery, the trial court improperly allowed the jury to consider evidence of collateral crimes.

In syllabus point 12 of *State v. Thomas,* 157 W. Va. 640, 203 S.E.2d 445 (1974), we outlined the circumstances under which a trial court could properly allow a jury to consider evidence of collateral crimes:

> "The exceptions permitting evidence of collateral crimes and charges to be admissible against an accused are recognized as follows: the evidence is admissible if it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; and (5) the identity of the person charged with the commission of the crime on trial."

The safe stolen during the robbery involved in this case unifies the series of crimes out of which the appellant's indictment grew. It was the object of the robbery which the appellant was charged with planning; it was feloniously taken in the course of the robbery, and the appellant attempted to open it while it was in the possession of the actual robbers after the robbery. The evidence that the appellant directed the actions of the robbers after the robbery and that he attempted to open the safe tends to support the direct evidence that he planned the robbery. In other words, all crimes involved in the sequence of

events are so related to each other that the evidence of each shows a common scheme, and the proof of one tends to establish the others. The evidence is admissible under syllabus point 12 of *Thomas*.

Next, the appellant contends that the trial court erred in allowing the State to amend its list of witnesses filed in response to defense counsel's discovery motion.

A careful examination of the record on this point indicates that the State did submit an addendum to its original list of witnesses on April 9, 1979, a month prior to the actual trial which was conducted on May 14. No specific addresses or telephone numbers were given for the added witnesses. When defense counsel objected to the addendum, the prosecuting attorney stated that the addresses and telephone numbers were not given because threats had been made against the witnesses in conjunction with the appellant's prosecution. The prosecutor was hesitant about revealing in writing the whereabouts of the witnesses but did agree that he would orally provide defense counsel with that information. The court indicated that if defense counsel was not satisfied with his interrogation or contact with the witnesses, he could move for a continuance. No continuance was subsequently requested.

In syllabus point 2 of *State v. Grimm*, ____ W. Va. ____, 270 S.E.2d 173 (1980), we recognized that not every case of non-disclosure would result in reversible error:

> "When a trial court grants a pretrial discovery motion requiring the prosecution to disclose evidence in its possession, non-disclosure by the prosecution is fatal to its case where such non-disclosure is prejudicial. The non-disclosure is prejudicial where the defense is surprised on a material issue and where the failure to make the disclosure hampers the preparation and presentation of the defendant's case."

In the case before us we are not concerned with non-disclosure, but with late disclosure. In *Wilhelm v. Whyte*, 161 W. Va. 67, 239 S.E.2d 735 (1977), we recognized that in the case of late disclosure the same test of prejudicial effect should apply. The late disclosure should be considered

prejudicial if it hampered preparation or presentation of the appellant's case.

No continuance was requested. Trial was not conducted until a month after the late disclosure, and the record fails to demonstrate that defense counsel's preparation or presentation was damaged by the late disclosure. We, therefore, find the late disclosure assignment to be without merit.

Lastly, the appellant asserts that the court erred in allowing Ms. Morgan to testify as she did on rebuttal. From an examination of the record it is apparent that Ms. Morgan's testimony was offered to contradict the appellant's statement that he had had nothing to do with the planning of the robbery. This is a legitimate function of rebuttal evidence. In syllabus point 2 of *State v. Pietranton,* 140 W. Va. 444, 84 S.E.2d 774 (1955), we stated the rule on rebuttal broadly as:

> "Whether the State in a criminal proceeding may introduce further evidence after a defendant has rested his case is a matter within the sound discretion of the trial court, and the exercise of that discretion will rarely be cause for reversal." Syllabus point 8, *State v. Pietranton, Id.,* quoting syllabus point 2, *State v. Fitzsimmons,* 137 W. Va. 585, 73 S.E.2d 136 (1952).

In view of the fact that Ms. Morgan's testimony involved a legitimate function of rebuttal, we cannot conclude that the court erred in admitting Ms. Morgan's testimony on rebuttal.

Having found no reversible error in this case, we affirm the judgment of the Circuit Court of Wetzel County.

*Affirmed.*