STATE OF WEST VIRGINIA

*v.*

LONNIE EUGENE WOODS

(No. 14283)

Decided March 26, 1982.

*Valentine, Wilson & Partain and Eric H. O'Briant* for plaintiff.

*Chauncey H. Browning,* Attorney General, *and Thomas N. Trent,* Assistant Attorney General, for defendant.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Logan County sentencing the appellant, Lonnie Woods, to ten years in the penitentiary upon a jury verdict finding him guilty of armed robbery.

The undisputed facts of this case reveal that on the evening of February 10, 1977, an armed man robbed the Burgess & Lohn Supermarket No. 1, Inc., located at Huff Junction near Man, Logan County, West Virginia and took a substantial amount of cash. Shortly thereafter, a State Police officer arrested the appellant and recovered the money stolen from the supermarket. The appellant was taken to Logan State Police Headquarters where he signed a waiver of rights form and gave a statement implicating himself in the armed robbery. This statement was subsequently introduced into evidence at trial.

The appellant's petition contains eleven assignments of error. Many of these assignments are repetitious and some have been abandoned. The assignments of error, therefore, can be consolidated into three general classifications: (1) the court erred in admitting into evidence a

statement of guilt procured by State Police from the appellant because it was not voluntarily given; (2) the court erred in giving certain instructions offered by the State and in refusing to given an instruction offered by the appellant; and (3) the court erred in refusing to strike the State's evidence and direct a verdict for the appellant.

I

We addresss the assignments of error in the order just enumerated. It has been universally held that a confession of a defendant is inadmissible as evidence unless it was made freely and voluntarily. *State v. Brady*, 104 W.Va. 523, 140 S.E. 546 (1927); *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 697 (1966); *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). It is equally well established that it is the duty of the trial court to determine the voluntariness of a confession out of the hearing of the jury and that such determination will not ordinarily be disturbed on review. *State v. Lamp*, 163 W.Va. 93, 254 S.E.2d 697 (1979); *State v. Vance*, 162 W.Va. 467, 250 S.E.2d 146 (1978); *State v. Johnson*, 159 W.Va. 682, 226 S.E.2d 442 (1976); *State v. Plantz*, 155 W.Va. 24, 180 S.E.2d 614 (1971); *State v. Fortner*, 150 W.Va. 571, 148 S.E.2d 669 (1966); *State v. Vance*, 146 W.Va. 925, 124 S.E.2d 252 (1962).

In syllabus point 5 of *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975) we expressly stated our standard that "the State must prove, at least by a preponderance of the evidence, that confessions or statements of an accused which amount to admissions of part or all of an offense were voluntary before such may be admitted into the evidence of a criminal case." We must here determine from the record the correctness of the trial court's ruling whereby it admitted the appellant's confession into evidence.

In this case, the trial court held a hearing, *in camera*, wherein evidence was adduced to determine the voluntariness of the appellant's confession. The appellant took the position that he lacked the capacity to give a

voluntary statement because he was intoxicated at the time he gave the statement and did not remember making it. The appellant presented no other evidence at the *in camera* hearing to corroborate his version of the story. On behalf of the State, the trooper who took the statement testified that the appellant appeared to be in complete control of his faculties at the time the statement was taken and comprehended the situation fully. To support the trooper's testimony, the State also produced an assistant prosecuting attorney who had observed the appellant at State Police Headquaters prior to the taking of the statement. He also testified that the appellant appeared to be in full control of his faculties at that time.

Upon consideration of all the testimony adduced at the *in camera* hearing, the court resolved the credibility issue against the appellant and concluded that his statement was voluntarily and intelligently given. In syllabus point 2 of *State v. Lamp, supra,* we noted that "(t)he trial court has wide discretion as to the admission of confessions and ordinarily this discretion will not be disturbed on review." It is our opinion in the case at hand that the State proved by a preponderance of the evidence that the confession was voluntarily given. We, therefore, hold that the court did not abuse its discretion in finding the confession admissible.

## II

The appellant also makes other assignments of error with respect to the instructions. Two of these assignments are relative to the giving of State's Instructions Nos. 3 and 4. The other assignment relates to the trial court's refusal to give Defendant's Instruction No. 5.

State's Instruction No. 3, an instruction relating to the defense of mental incapacity due to the use of intoxicating liquors, was objected to by the appellant because it omitted an explanation of intent as an element of the crime of robbery. State's Instruction No. 4, an instruction relating to the defense of mental incapacity due to intoxication was also complained of because it did not

inform the jury of the standard for determining whether the defense was sucessfully established. We are compelled to reject both challenges. Our general rule with respect to instructions was set forth in Syl. pt of *State v. Milam*, 159 W.Va. 691, 226 S.E.2d 433 (1976) as follows:

> "(w)hen instructions are read as a whole and adequately advise the jury of all necessary elements for their consideration, the fact that a single instruction is incomplete or lacks a particular element will not constitute grounds for disturbing a jury verdict."

In the case at hand, Defendant's Instructions Nos. 9 and 10, adequately instructed the jury as to the element of intent. Likewise, Defendant's Instruction No. 2 instructed the jury as to the relative standard of proof required of the parties.

The appellant's contention that it was error for the court to refuse to give his fifth instruction is also without merit. This instruction informed the jury that if they believed appellant was an insane man at the time of the robbery, they would find him not guilty, though such insanity was a result of previous drunkeness. This instruction was not supported by any expert medical showing that the appellant was insane at the time of the crime. "It is error to charge the jury with a theory of claim or defense unsupported by evidence." Syl. pt. 3, Parker v. *Knowlton Construction Company, Inc.*, 158 W.Va. , 314, 210 S.E.2d 918 (1975). We, therefore, hold this instruction was properly refused.

### III

Finally, the appellant contends that the court erred in refusing to strike the State's evidence and direct a verdict in his favor, and also, in denying his motion to arrest judgment and award a new trial. This contention is without merit.

As we have previously seen, it was not error for the trial court to refuse to strike the appellant's confession. With respect to the motion for a directed verdict, our rule is as follows:

"Upon motion to direct a verdict for the defendant, the evidence is to be viewed in light most favorable to prosecution. It is not necessary in appraising its sufficiency that the trial court or reviewing court be convinced beyond a reasonable doubt of the guilt of the defendant; the question is whether there is substantial evidence upon which a jury might justifiably find the defendant guilty beyond a reasonable doubt." Syllabus point 4, *State v. Johnson*, 159 W.Va. 682, 226 S.E.2d 442.

*See, State v. Demastus*, 165 W.Va. 572, 270 S.E.2d 649 (1980); *State v. Fischer*, 158 W.Va. 72, 211 S.E.2d 666 (1974). Here, after considering the record, we believe that there was clearly sufficient evidence upon which a jury might find appellant guilty of robbery beyond a reasonable doubt.

For the reasons stated herein, the judgment of the Circuit Court of Logan County is affirmed.

*Affirmed.*