332 S.E.2d 625

**STATE of West Virginia**

v.

**Robert FAUBER.**

**No. 16408.**

Supreme Court of Appeals of West Virginia.

Submitted April 24, 1985.

Decided July 9, 1985.

Richard D. Frum, Spencer, for appellant.

Mary Rich Maloy, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

The appellant, Robert Fauber, appeals from his conviction of nonaggravated robbery in the Circuit Court of Roane County. He challenges the admission of his confession and the refusal to grant a new trial upon discovery of the prosecution's failure to disclose certain testimony given by his brother, Tim Fauber, who was also involved in the robbery.* After careful review of the record, we conclude that the trial court acted properly, and, therefore, affirm the appellant's conviction.

## I.

In Syllabus Point 5 of *State v. Vance*, 146 W.Va. 925, 124 S.E.2d 252 (1962), *overruled on other grounds*, Syl. pt. 6, *State ex rel. Grob v. Blair*, 158 W.Va. 647, 214 S.E.2d 330 (1975), this Court held that, "The trial court has a wide discretion as to the admission of confessions and ordinarily this discretion will not be disturbed on review." *See also*, Syl. pt. 3, *State v. Cecil*, 173 W.Va. 27, 311 S.E.2d 144 (1983); Syl. pt. 3, *State v. Sparks*, 171 W.Va. 320, 298 S.E.2d 857 (1982); Syl. pt. 2, *State v. Goodmon*, 170 W.Va. 123, 290 S.E.2d 260 (1981); Syl. pt. 1, *State v. Wimer*, 168 W.Va. 417, 284 S.E.2d 890 (1981); Syl. pt. 2, *State v. Vance*, 162 W.Va. 467, 250 S.E.2d 146 (1978); Syl. pt. 3, *State v. Mayle*, 108 W.Va. 681, 152 S.E. 633 (1939). Further, in Syllabus Point 5 of *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975), we held that, "The State must prove, at least by a preponderance of the evidence that confessions or statements of an accused which amount to admissions of part or all of an offense were voluntary before such may be admitted into the evidence of a criminal case." *See also* Syl. pt. 1, *State v. Williams*, 171 W.Va. 556, 301 S.E.2d 187 (1983); Syl. pt. 1, *State v. Woods*, 169 W.Va. 767, 289 S.E.2d 500 (1982); Syl. pt. 1, *State v. Mitter*, 169 W.Va. 652, 289 S.E.2d 457 (1982); Syl. pt. 1, *State v. Vance, supra*.

Certainly, as we recognized in Syllabus Point 6 of *State v. Persinger*, 169 W.Va. 121, 286 S.E.2d 261 (1982), "The delay in taking the defendant to a magistrate may be a critical factor where it appears that the primary purpose of the delay was to obtain a confession from the defendant." *See also* Syl. pt. 1, *State v. Guthrie*, 173 W.Va. 290, 315 S.E.2d 397 (1984); Syl. pt. 2, *State v. Mitter, supra*. Furthermore, in the single Syllabus Point of *State v. Stotler*, 168 W.Va. 8, 282 S.E.2d 255 (1981), this Court held that:

"To render admissible evidence of an extra-judicial confession by an accused to one in authority, ... it must appear that the confession was freely and voluntarily made and without previous inducements of a temporal or worldly character in the nature of threats or intimidation, or some promise or benefit held out to the accused...." Syllabus, *State v. Zaccario*, 100 W.Va. 36, 129 S.E. 763 (1925), *in part*.

*See also* Syl. pt. 6, *State v. Stevenson*, 147 W.Va. 211, 127 S.E.2d 638 (1962); Syl. pt. 6, *State v. Bruner*, 143 W.Va. 755, 105 S.E.2d 140 (1958); Syl., *State v. Parsons*, 108 W.Va. 705, 152 S.E. 745 (1930); Syl. pt. 3, *State v. Brady*, 104 W.Va. 523, 140 S.E. 546 (1927); Syl. pt. 5, *State v. Richards*, 101 W.Va. 136, 132 S.E. 375 (1926).

At the appellant's suppression hearing, conflicting evidence was presented regarding the circumstances of the appellant's confession. The appellant testified that he was taken on a detour from the place of arrest en route to the detachment, allegedly to delay his arrival, and that the arresting officers made threats concerning his personal safety and the safety of his

---

* In addition, the appellant raises assignments of instructional error, improper prosecutorial argument, and, ineffective assistance of counsel, which we find wholly without merit, and therefore need not address.

family and friends. The arresting officers, on the other hand, denied that they had either taken a detour or threatened the appellant in any fashion. Our review of the evidence indicates that the State met its burden with respect to the voluntariness of the appellant's confession, and compels our conclusion that the trial court did not abuse its discretion in its admission.

## II.

■ The appellant's next assignment of error is the trial court's failure to award a new trial upon discovery of the prosecution's failure to disclose the testimony of Tim Fauber at his suppression hearing. We note that in Syllabus Point 2 of *State v. Grimm*, 165 W.Va. 547, 270 S.E.2d 173 (1980), this Court held:

When a trial court grants a pre-trial discovery motion requiring the prosecution to disclose evidence in its possession, non-disclosure by the prosecution is fatal to the prosecution's case where the non-disclosure is prejudicial. The non-disclosure is prejudicial where the defense is surprised on a material issue and where the failure to make the disclosure hampers the preparation and the presentation of the defendant's case.

*See also* Syl. pt. 2, *State v. Samples*, 174 W.Va. 584, 328 S.E.2d 191 (1985); *State v. Simmons*, 172 W.Va. 590, 309 S.E.2d 89, 94 (1983); *State v. Meadows*, 172 W.Va. 247, 304 S.E.2d 831, 838–39 (1983); *State v. Hall*, 172 W.Va. 138, 304 S.E.2d 43, 47 (1983); *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402, 412 (1982); *State v. Ward*, 168 W.Va. 385, 284 S.E.2d 881, 884 (1981); Syl. pt. 4, *State v. White*, 167 W.Va. 374, 280 S.E.2d 114 (1981); *State v. Trail*, 163 W.Va. 352, 357, 255 S.E.2d 900, 904 (1979); *State v. Stewart*, 161 W.Va. 127, 132, 239 S.E.2d 777, 781 (1977); *Wilhelm v. Whyte*, 161 W.Va. 67, 71, 239 S.E.2d 735, 738 (1977); Syl., *State v. Cowan*, 156 W.Va. 827, 197 S.E.2d 641 (1973).

■ In the present case, the appellant cannot claim surprise inasmuch as the prosecution made no use of Tim Fauber's suppression hearing testimony. Furthermore, there is no indication that such nondisclosure in any way weakened the appellant's

case. Certainly, it would have been preferable if the prosecution had disclosed this testimony. Mere oversight, however, with respect to the disclosure of certain evidence in the prosecution's possession, in the absence of prejudice to the defendant, is insufficient to constitute reversible error. Therefore, we find no error in the trial court's refusal to award a new trial on this ground.

For the foregoing reasons, the appellant's conviction is hereby affirmed.

Affirmed.

McGRAW, Justice, dissenting:

I dissent from an apparent retreat from the prompt presentment rule as articulated in Syllabus Point 6 of *State v. Persinger*, 169 W.Va. 121, 286 S.E.2d 261 (1982). A review of the evidence presented in this case clearly establishes that the prosecution failed to meet its burden of proving by a preponderance of the evidence that the appellant's confession was given voluntarily.

At approximately 10:15 p.m. on Friday, April 9, 1982, several law enforcement officers arrested the appellant in Putnam County on suspicion of burglary. At this time, he was also informed of a warrant for his arrest for a Roane County robbery. After the appellant was handcuffed and read his *Miranda* warnings, he was transferred to the state police detachment in Winfield, Putnam County, arriving at approximately 10:50 p.m. The Roane County authorities were notified, and the arresting officers awaited the arrival of Trooper Slone, who was to bring the warrant for the appellant's arrest and transport the appellant back to Roane County.

In addition to notification of the Roane County law enforcement authorities, the arresting officers also notified the duty magistrate upon their arrival at the state police detachment. Although the magistrate was at his home, only one mile from the detachment, for some unexplained reason, he did not arrive until after Trooper Slone had arrived at 12:05 a.m., and had already begun taking the appellant's confession. Following completion of the tak-

ing of the appellant's confession at 1:15 a.m., the appellant was finally arraigned.

Prior to his trial, the appellant challenged the voluntariness of this confession, and a suppression hearing was conducted. At the hearings, conflicting evidence was presented regarding the circumstances of the appellant's confession.

The appellant testified that he was taken on a detour from the place of arrest en route to the detachment, and that the arresting officers made threats concerning his personal safety and the safety of his family and friends. Specifically, the appellant testified that the arresting officers questioned him continuously from 10:50 p.m. to 12:05 concerning four burglaries and the robbery. He stated that he was warned that if he did not plead guilty to these five charges, he would be thrown in jail, along with his sister and his girlfriend, with bond set at $100,000, and that their three children would be placed in foster homes. He stated that as the interrogating officers became increasingly agitated at his unwillingness to cooperate, they began directing verbal abuse at him. He testified that they used profanity, and began discussing weight lifting, with one officer remarking that he could lift over four hundred pounds. He stated that, at one point, one of the interrogating officers looked in his direction and asked the weight lifting officer how many times would he have to hit the appellant to put his head through the block wall behind him, to which the officer replied probably four times. The inquiring officer then remarked, according to the appellant, that he would bet the weight lifting officer would only have to hit appellant twice to put his head through the wall. When the appellant then lit a cigarette, he testified that one of the officers grabbed the cigarette from his mouth, took the pack from his pocket, crushed both and threw the remains across the room, stating that, "You don't smoke unless I tell you to smoke, and you talk when I tell you to talk." The appellant further testified that one of the officers jerked the appellant's chair closer to the desk where the officer was sitting, pounded the desk with his fist, and de-manded that the appellant level with him because he didn't want to be there all night. The appellant also related that he was told that a polygraph expert had been summoned, and was scheduled to arrive shortly. At about this time, the appellant testified that Trooper Slone arrived, who, after confronting the appellant with his brother's confession implicating him in the Roane County robbery, proceeded to take the appellant's confession. At the time of trial, no charges had been brought against the appellant with respect to the Putnam County burglaries.

The arresting officers, on the other hand, denied that they had either taken a detour or threatened the appellant in any fashion. In fact, they testified that no interrogation of the appellant took place until Trooper Slone's arrival, even though the appellant was a suspect in the Putnam County burglary. Although the officers admitted that profanity was probably used, they contended that none of it was directed toward the appellant. Furthermore, although the officers conceded that one of their members was a weight lifter, they testified no discussion of this fact was had with the appellant.

Absolutely no justification was offered by the prosecution to account for the magistrate's almost two hour delay in arrival for the appellant's arraignment. The magistrate, who was ostensibly available, was inexplicably not called to testify. It is uncontroverted that the magistrate lived only one mile from the detachment. Therefore, what should have required only a matter of minutes, evolved into a matter of hours. Furthermore, in the absence of the magistrate's testimony, the testimony by one of the arresting officers concerning his notification was uncorroborated.

In addition, the arresting officers' testimony concerning their activities pending Trooper Slone's arrival, although consistent, is suspect. For example, one of the officers testified, "I ask him about a burglary ... and he said, 'I don't know anything about it,' so I said 'Okay, that's fine.'" This officer, and the other officers present, all testified that, after this initial inquiry, no further questioning of the ap-

pellant took place until after Trooper Slone's arrival. Yet, interrogation of the appellant's co-arrestee concerning the burglary was acknowledged to have continued throughout this period. Similarly, with respect to the remarks regarding the weight lifting exploits of one of the officers, all of the officers testified that no such remarks were made. Yet, the appellant's knowledge of this activity on the part of one of the officers indicates that, contrary to the assertions of the officers, some discussion concerning this topic must have taken place.

There was no justification, upon Trooper Slone's arrival, for failing to delay the appellant's interrogation pending the summoned magistrate's appearance. There was absolutely no testimony concerning further attempts on the part of the officers involved to ascertain the reason for the magistrate's dilatoriness pending Trooper Slone's arrival. Furthermore, in the absence of testimony by the magistrate, no explanation was offered concerning the reason for the magistrate's delay.

For the foregoing reasons, I would reverse the appellant's conviction and remand his case for a new trial.