358 S.E.2d 596

**STATE of West Virginia**

v.

**Frank McKINNEY.**

No. 17073.

Supreme Court of Appeals
of West Virginia.

June 4, 1987.

Mary Beth Kershner, Asst. Atty. Gen., for appellant.

Randall Galford, Richwood, for appellee.

McGRAW, Chief Justice:

On June 19, 1983, the appellant, Frank J. McKinney, then seventy-five years old, was convicted by a jury in the Circuit Court of Mercer County of first degree murder, with no recommendation of mercy. He makes numerous assignments of error on appeal. After a discussion of the circumstances leading to this prosecution and appeal, we will address each of these assignments of error.

The appellant does not dispute that he shot and killed Aline Carrie Laxton in the early morning hours of December 25, 1982. He contends that he was forced to shoot her in self-defense. The appellant was boarding in the house of Lakie Coalson, the victim's mother, at the time of the shooting. Testimony at trial detailed an ongoing dispute between Ms. Laxton and the appellant regarding what would happen to Mrs. Coalson's house upon her death.

Ms. Laxton was at her mother's house on the night she was shot. Sometime between two and four in the morning, the appellant,

Ms. Laxton, and Mrs. Coalson were sitting at the kitchen table. At trial, the appellant testified that Ms. Laxton first threatened her mother and then turned on him. He contended that she said, "You son-of-a-bitch, I'm going to kill you," and then came at him with a paring knife. He testified that he then grabbed a gun, which he normally carried for self-protection when he went outside of the house at night, and shot the approaching woman in self-defense. The bullet entered the right side of her head and she died instantly.

After hearing conflicting evidence on self-defense, the jury convicted the appellant of first degree murder, with no recommendation of mercy. He was subsequently sentenced to life in prison without opportunity for parole.

### I.

The appellant's first assignment of error is that the trial court failed to develop an appropriate record to justify trying him in physical restraints. He alleges, in his brief and in a sworn affidavit dated July 8, 1986, that he was restrained in both handcuffs and leg irons throughout his trial, except when he testified, at which time he was restrained only in leg irons. He contends that this was done without a showing of any necessity and that he is therefore entitled to a reversal of his conviction and to a new trial. The State contends that there is no showing on the record that the appellant was, in fact, tried in physical restraints, and argues that the appellant is therefore not entitled to a ruling on the merits of his claim on appeal. After careful review of the transcripts in this proceeding, we find that there is a sufficient showing to conclude that the appellant was tried in physical restraints without a showing on the record as to any facts which justified such restraint.[1]

■ It is well settled that "[a] criminal defendant has the right, absent some necessity relating to courtroom security or

---

1. During his closing argument, trial counsel said of the appellant, "You've seen him hobbling around in shackles here in the courtroom." This statement went unchallenged by the prosecution. Along with the appellant's affidavit, this statement leads us to believe that the appellant was tried in physical restraints.

order, to be tried free of physical restraints." Syl. Pt. 3, *State v. Brewster*, 164 W.Va. 173, 261 S.E.2d 77 (1979). In *Brewster*, where there was no record on the justification for trying the defendant in physical restraints, we remanded to the circuit court with directions that an evidentiary hearing be held to determine if there were sufficient facts to warrant the use of restraints. *Id.* 164 W.Va. at 183–84, 261 S.E.2d at 83. Because the record in this case is also lacking on justification for using physical restraints, a remand in accordance with *Brewster* is required.[2]

## II.

The appellant's second assignment of error is that the following language in the indictment is insufficient because it does not contain the words "feloniously" or "maliciously."

> *The grand jury charges:* that on or about the 25th day of December, 1982, in the County of Mercer, State of West Virginia, FRANK McKINNEY committed the offense of "Murder in the first degree" by the wilful, deliberate and premeditated shooting of ALINE CARRIE LAXTON with a pistol, with intent to cause her death, and causing her death.

We have addressed this issue in the recent cases of *State v. Hall*, 172 W.Va. 138, 304 S.E.2d 43, 48 (1983), and *State v. Manns*, 174 W.Va. 793, 329 S.E.2d 865 (1985). We concluded in *Hall* that a similar indictment adequately informed the defendant of the nature of the charge against him, *Hall*, 172 W.Va. at 143, 304 S.E.2d at 48. In *Manns*, we reiterated the view taken in *Hall*, and we expressly overruled those cases holding that a felony indictment is invalid if the word "felonious" is omitted.

> Where the indictment, by reference to the offense charged, including the reference to any appropriate statute, clearly indicates that the charge is a felony, the absence of the word "felonious" or words of like import will not render the indictment invalid. We adopt this rule and to the extent *State ex rel. Reed v. Boles*, 148 W.Va. 770, 137 S.E.2d 246 (1964), and related cases espouse a per se rule that the omission of the word "felonious" renders a felony indictment invalid, they are overruled.

Syl. Pt. 2, *Manns*, 174 W.Va. 793, 329 S.E.2d 865.

■ The same rationale applies to the omission of the word "malicious" from a felony indictment. Accordingly, we find that the appellant was adequately informed of the particular offense with which he was charged, and the indictment was sufficient.

## III.

The appellant's third assignment of error is that the trial court erred when it denied his motion for a change of venue under Rule 21(a) of the West Virginia Rules of Criminal Procedure due to adverse publicity. The appellant raised the motion based on articles published in *The Bluefield Daily Telegraph* on December 26, 1982, one day after the shooting, and March 9, 1983, some three months before the appellant's trial. The appellant argued that adverse publicity resulted from the articles and created a present hostile sentiment against him in Mercer County, particularly since the articles referred to two previous convictions against him. The trial court concluded that this case did not require a change of venue, and we agree.

> To warrant a change of venue in a criminal case, there must be a showing of good cause therefor, the burden of which rests on the defendant, the only person who, in any such case, is entitled to a change of venue. The good cause aforesaid must exist at the time application for a change of venue is made. Whether, on the showing made, a change of venue will be ordered, rests in the

---

2. In *Brewster,* we cited the following factors as being relevant in determining the necessity of physical restraints: (1) the seriousness of the present charge; (2) the person's character; (3) the person's past record; (4) past escapes by the person; (5) attempted escapes by the person; (6) evidence the person is planning an escape; (7) threats of harm to others; (8) threats to cause disturbance; (9) evidence the person is bent upon self-destruction; (10) risk of mob violence; (11) risk of attempted revenge by victim's family; and (12) other offenders still at large. *Brewster,* 164 W.Va. at 180, 261 S.E.2d at 77.

sound discretion of the trial court; and its ruling thereon will not be disturbed, unless it clearly appears that the discretion aforesaid has been abused.

Syl. Pt. 2, *State v. Wooldridge*, 129 W.Va. 448, 40 S.E.2d 899 (1946). *See also* Syl. Pt. 1, *State v. Ginanni*, 174 W.Va. 580, 328 S.E.2d 187 (1985); Syl. Pt. 1, *State v. Zaccagnini*, 172 W.Va. 491, 308 S.E.2d 131 (1983); Syl. Pt. 2, *State v. Williams*, 172 W.Va. 295, 305 S.E.2d 251 (1983).

"Good cause" for a change of venue "means proof that a defendant cannot get a fair trial in the county where the offense occurred because of the existence of a locally extensive present hostile sentiment against him." Syl. Pt. 1, *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978). *See also* Syl. Pt. 2, *State v. Zaccagnini*. This court has consistently held that "[w]idespread publicity, of itself, does not require a change of venue, and neither does proof that prejudice exists against an accused, unless it appears that the prejudice against him is so great that he cannot get a fair trial." Syl. Pt. 1, *State v. Gangwer*, 169 W.Va. 177, 286 S.E.2d 389 (1982). *See also* Syl. Pt. 2, *State v. Young*, 173 W.Va. 1, 311 S.E.2d 118 (1983).

■ The appellant did not meet his burden of showing good cause for a change of venue. The prejudice, if any, resulting from the newspaper articles was not shown to be so great that the appellant could not get a fair trial in Mercer County. Only four of the twenty-three prospective jurors impanelled to hear the appellant's case were excused, and only three of those excused jurors responded affirmatively when asked if they knew anything about appellant's case. We also find it significant that the most recent newspaper article appeared about three months before appellant's trial. *See State v. Zaccagnini*, 172 W.Va. at 495, 308 S.E.2d at 135. Based on the foregoing, we conclude that the trial court did not abuse its discretion in refusing the appellant's motion for a change of venue.

## IV.

The appellant's fourth assignment of error is that the prosecution violated his right to due process of law by not complying with certain pre-trial discovery requests.

First, the appellant claims that he was surprised and prejudiced at trial when Maxine Rogers, one of the victim's sisters, was called to testify. The record shows that the prosecution provided appellant's counsel with a police report which listed, with the exception of Maxine Rogers, all witnesses which the prosecution planned to call. Because Ms. Rogers was not listed as a witness in the police report, the appellant objected when she was called to testify.

■ The prosecution argued before the trial judge that appellant's counsel was told, during a discussion one day before trial, that Ms. Rogers would be called to testify. Although appellant's counsel admitted talking about Ms. Rogers, he denied that he had been told she was going to be called as a witness. The trial court then called a recess and allowed appellant's counsel time to interview Ms. Rogers prior to hearing her testimony. The appellant's counsel did not make a motion for a continuance to gain additional time to interview the witness, nor did he renew the objection to her testimony. Thus, we are not satisfied that the appellant was hampered in the preparation and presentation of his case. *See* Syl. Pt. 2, *State v. Grimm*, 165 W.Va. 547, 270 S.E.2d 173 (1980); *State v. Trail*, 163 W.Va. 352, 357–58, 255 S.E.2d 900, 904 (1979); W.Va.R.Crim.P. 16(a)(1)(E) and 16(d)(2). As in *State v. Trail*, 174 W.Va. 656, 328 S.E.2d 671 (1985), we find that "the trial court alleviated any possibility of harm to the appellant's preparation of his defense by allowing defense counsel additional time to interview the new [witness]." *Id.* 174 W.Va. at 659–60, 328 S.E.2d at 675.

■ Second, the appellant claims that he was prejudiced because the prosecution did not respond to his inquiry concerning criminal records of the prosecution's witnesses. The State admits the appellant requested such information, and that there is no indication that he received a response. The State, however, argues that this assignment of error has been raised for the first time on appeal and should not be con-

sidered. Generally, unless an objection is raised at the trial court, this Court will not consider any assignment of error concerning matters within the trial court's jurisdiction or which the trial court might have remedied if an objection had been made. Syl. Pt. 17, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974). However, where unassigned prejudicial errors involve fundamental constitutional rights, this Court will take notice of them. *Id.* at Syl. Pt. 18.

■ The appellant contends that the prosecution's failure to provide information regarding criminal records, if any, of its witnesses hampered him in the preparation and presentation of his case. While it is true that withholding exculpatory evidence sufficient to raise a reasonable doubt as to the defendant's guilt violates his due process rights, Syl. Pt. 4, *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982), the appellant does not contend, let alone prove, that the existence of any criminal records would have allowed him to impeach any witness in a fashion sufficient to raise a reasonable doubt as to his guilt. Because no fundamental constitutional rights are involved, and the appellant did not raise the issue below, this Court will not consider the appellant's assignment of error.

The appellant's final three assignments of error concerning pre-trial motions do not merit extended discussion. First, the appellant contends that the preparation of his case was hampered because the prosecution failed to comply with the appellant's pre-trial motion for discovery and inspection. Second, he contends that the prosecution's failure to submit a bill of particulars constitutes reversible error. Third, he contends that reversible error occurred because the trial court allowed the paring knife to be introduced into evidence.

■ Once again, these assignments of error were not preserved by the appellant at the trial court level. Moreover, our review of the record leads us to conclude that the appellant was not surprised or hampered in the preparation and presentation of his self-defense theory by these assigned errors. The prosecution employed an "open-file" policy, *see State v. Ashcraft*, 172 W.Va. 640, 309 S.E.2d 600, 606 (1983), the appellant was sufficiently informed of the charges against him and was not deprived of exculpatory evidence by the lack of a bill of particulars, *see State v. Slie*, 158 W.Va. 672, 682, 213 S.E.2d 109, 116 (1975); *State v. White*, 167 W.Va. 374, 280 S.E.2d 114, 121–22 (1981), and the appellant was not surprised or prejudiced by the introduction of the paring knife since it reinforced his self-defense claim.

■ We also note that the trial court apparently never ruled on these pretrial motions. Trial courts have a duty under Rule 12(e) of the West Virginia Rules of Criminal Procedure to make rulings on such pre-trial motions. If factual issues are involved in resolving the motions, the trial court must state its findings on the record. In the case now before us, however, the appellant did not request the trial court to make a ruling on his pre-trial discovery motions, and failed to request an order directing the prosecution to take additional action regarding discovery. Indeed, the record shows the appellant made no objections after the prosecution's response to the pre-trial discovery motion was filed and did not demand a hearing. Accordingly, we find that the appellant's silence at the trial level constitutes a waiver of his objections. *See State v. Moran*, 168 W.Va. 688, 691, 285 S.E.2d 450, 453 (1981).

### V.

■ The appellant's fifth assignment of error is that the trial judge erred by not voluntarily recusing himself from presiding at trial. Although a motion for disqualification was not filed by the appellant's trial counsel, the appellant contends that the trial judge should have voluntarily recused himself because of the judge's involvement with a prior criminal case of the same type against the appellant. We addressed a similar assignment of error in *State v. Flint*, 171 W.Va. 676, 301 S.E.2d 765 (1983), and held in Syllabus Point 6 that "[i]t is not error for a trial judge to preside over more than one criminal case involving

the same defendant...." Accordingly, we find that it was not error for the trial judge to preside over the appellant's trial even though he presided over a prior criminal case against the appellant.

### VI.

The appellant's sixth assignment of error is that the trial court erred in ruling that Mrs. Coalson, the only eyewitness to the shooting, was competent to testify. The record shows that the trial judge on his own initiative conducted an *in camera* questioning of Mrs. Coalson, who was then eighty-two years old, to determine if she was competent to testify. Based upon this questioning, the trial judge concluded that Mrs. Coalson was competent and she was then called as a witness by the prosecution. We have recognized on various occasions that "[t]he question of the competency of a witness to testify is left largely to the discretion of the trial court and its judgment will not be disturbed unless shown to have been plainly abused resulting in manifest error." Syl. Pt. 8, *State v. Wilson*, 157 W.Va. 1036, 207 S.E.2d 174 (1974). *See also* Syl. Pt. 7, *State v. Humphrey*, 177 W.Va. 264, 351 S.E.2d 613 (1986); Syl. Pt. 3, *State v. Butcher*, 165 W.Va. 522, 270 S.E.2d 156 (1980). No such abuse or manifest error has been shown here.

### VII.

The appellant's seventh assignment of error is that the trial court erred when it allowed the prosecution to impeach the credibility of its witness, Mrs. Coalson. At the time of the appellant's trial, the rule in West Virginia was that "one may not impeach his own witness absent entrapment, hostility or surprise." *State v. Wayne*, 162 W.Va. 41, 44, 245 S.E.2d 838, 841 (1978), *overruled by*, Syl. Pt. 4, *State v. Kopa*, 173 W.Va. 43, 311 S.E.2d 412 (1983). This case was on appeal when the new rule

allowing any party to attack a witness' credibility was announced in *Kopa*. Thus, we could apply *Kopa* retroactively. Syl. Pt. 3, *State v. Gangwer*, 168 W.Va. 190, 283 S.E.2d 839 (1981). Retroactive application of *Kopa* is not necessary here, however, because the State was surprised by Mrs. Coalson's testimony.[3]

### VIII.

The appellant's eighth assignment of error is that the trial court erred by refusing to give certain instructions advanced by him. We have examined the instructions and find no merit in this assignment of error.

Instruction No. 1 directed the jury to find the appellant not guilty of first degree murder, second degree murder, voluntary manslaughter, or involuntary manslaughter. The appellant based this instruction on his contention that the indictment was insufficient. As discussed in Part II of this opinion, the indictment adequately informed the appellant of the charge against him. Accordingly, the trial court was justified in refusing appellant's Instruction No. 1.

Instruction No. 16, which the appellant contends was needed to instruct the jury concerning circumstantial evidence, was refused by the trial court because it was repetitious. It provided as follows: "The court instructs the jury that the guilt of the Defendant of any charge contained in the indictment against him is not to be inferred because the facts proved are consistent with his guilt but on the contrary that they must be inconsistent with his innocence." A review of the record shows that appellant's Instruction No. 11, which was given by the trial court, adequately advises the jury concerning circumstantial evidence in language virtually identical to that proferred in Instruction No. 16. *See* Syl. Pt. 2, *State v. Phillips*, 176 W.Va. 244,

---

**3.** Two days before trial, Ms. Coalson told the assistant prosecutor, in the presence of one of her daughters and one of the investigating officers, that she was afraid of the appellant and that he had told her what to say before the police arrived to investigate the shooting. The trial court allowed the daughter and the investigating officer to testify that Mrs. Coalson made such a statement to the assistant prosecutor, and instructed the jury that this testimony was admitted only for the purpose of impeaching Mrs. Coalson's credibility.

342 S.E.2d 210 (1986). Because we find that appellant's Instruction No. 16 is repetitious of his Instruction No. 11, we hold that the trial court was correct in refusing the instruction. *See* Syl. Pt. 6, *State v. Meadows*, 172 W.Va. 247, 304 S.E.2d 831 (1983).

 Instruction No. 20 was refused by the trial court on the grounds that it was likely to confuse the jury. It is well established that "[i]nstructions in a criminal case that are confusing, misleading, or incorrectly state the law should not be given." Syl. Pt. 3, *State v. Bolling*, 162 W.Va. 103, 246 S.E.2d 631 (1978). *See also State v. Davis*, 176 W.Va. 454, 345 S.E.2d 549, 563, n. 18 (1986). The proffered instruction reminded the jury members that they must act fairly and impartially in performing their duties as jurors. The instruction was unnecessary and its language most confusing given the assurances that a fair and impartial jury had been selected and sworn through the *voir dire* process. *See* Syl. Pt. 4, *State v. Peacher*, 167 W.Va. 540, 280 S.E.2d 559 (1981). *See also* W.Va.Code § 56–6–12 (1966). We find that the trial judge did not commit error when he refused to give the instruction.

## IX.

The appellant's ninth assignment of error is that the trial court erred when it failed to instruct the jury concerning the burden of proof where self-defense has been asserted.

 In *State v. Kirtley*, 162 W.Va. 249, 262, 252 S.E.2d 374, 381 (1978), we held that once the defendant meets his initial burden of producing some evidence of self-defense, the State is required to disprove the defense of self-defense beyond a reasonable doubt. The appellant claims that the jury was not properly instructed as to the prosecution's burden. In fact, appellant's Instruction No. 22, the last instruction given, addressed this precise issue in language from *Kirtley*. The jury was therefore properly instructed on the State's burden of proof.

## X.

 The appellant's final assignment of error is that the doctrine of "cumulative error" is applicable to this case. Syl. Pt. 5, *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550 (1972). With the possible exception of the appellant being tried in physical restraints, our consideration of the appellant's assignments of error reveals that he was not prevented from receiving a fair trial. No cumulative error attaches here.

Because the trial court failed to develop an appropriate record to justify trying the appellant in physical restraints, we remand this case to the Circuit Court of Mercer County with directions that an evidentiary hearing be held in accordance with *Brewster* to determine if there were sufficient facts to warrant trying the appellant in physical restraints.

Remanded.