431 S.E.2d 91

STATE of West Virginia, Plaintiff Below, Appellee,

v.

Brian E. SLAMAN, Defendant Below, Appellant.

No. 21293.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 3, 1993.

Decided May 21, 1993.

Gregory J. Campbell, Jennifer N. Taylor, Charleston, for appellant.

Darrell V. McGraw, Jr., Mary B. McLaughlin, Office of the Atty. Gen., Charleston, for appellee.

PER CURIAM:

This action is before this Court upon an appeal from the June 11, 1991, order of the Circuit Court of Putnam County, West Virginia. The appellant, Brian E. Slaman, was convicted of manufacturing a controlled substance. The appellant was sentenced to one to five years in prison, but the sentence was suspended and he was placed on probation for five years. On appeal, the appellant asks that this Court reverse the ruling of the circuit court. For the reasons stated below, the judgment of the circuit court is affirmed.

## I

The appellant lived in a mobile home with Maria Luciano near Eleanor, Putnam County, West Virginia. On January 14, 1991, Deputies Clinton McCallister and R.E. Harrison, officers from the Putnam County Sheriff's Department, went to the appellant's home to execute two arrest warrants.[1] The deputies knocked on the door of the mobile home, but no one answered. As the two officers were getting ready to leave, a neighbor pulled in and asked what the two men were doing. The officers explained that they were looking for Ms. Luciano, and the neighbor responded by stating that it was that time of the day when Ms. Luciano is usually home.

The officers then knocked on the door again. There was no response. Deputy Harrison checked the front door, discovered it was unlatched and pushed it open. The two officers peered in the trailer and observed a woman's purse on a counter top and a couch with a blanket on it as if someone had just been lying there. The officers called out, but again there was no response.

The officers entered the mobile home and proceeded to look around. Their visual inspection of the premises revealed what appeared to be a "fish aquarium," on the floor in a bedroom, with four marihuana plants growing in it. Shortly thereafter, the two officers left the appellant's residence, without disturbing anything, and then contacted the Putnam County Sheriff Department's drug unit in order to report their discovery.

On January 15, 1991, Deputy Sisk, from the Department's drug unit, obtained a search warrant for the appellant's residence. The drug unit deputy, along with a couple more deputies, executed the warrant on that same day. Ms. Luciano, the only person home at the time, was advised of her rights, and the search warrant was disclosed. Deputy Sisk subsequently went to the bedroom, observed the terrarium containing the marihuana plants and seized it.

---

1. There is a discrepancy between the parties' briefs regarding the arrest warrants. It is unclear as to the charges alleged in the warrants and who was to be served with an arrest warrant. At oral argument, appellant's counsel asserted that he had never seen the warrants in question. Deputy Clinton McCallister testified in the suppression hearing that the arrest warrant to be served upon Ms. Luciano contained charges of destruction of property and assault and battery; and, the warrant to be served upon the appellant charged him with destruction of property.

Later that day, the appellant and Ms. Luciano went to the Putnam County Sheriff's office, at the request of Deputy Sisk. The deputy advised the appellant of his rights. The appellant indicated that he wished to answer questions without an attorney present, and he also signed a waiver of his rights. In their unrecorded discussion, on January 15, 1991, Deputy Sisk testified that the appellant indicated the marihuana plants growing in the terrarium were his.

On January 17, 1991, a second recorded statement was taken from the appellant. Following this second statement, the appellant was under the impression that he would be immune from prosecution in this matter if he cooperated. More specifically, on cross-examination at trial, Deputy Sisk admitted to defense counsel that he told the appellant that he and his girlfriend would not be charged for cultivation of marihuana if they cooperated. However, on redirect examination, Deputy Sisk clarified what he meant by "cooperation," which was having the appellant facilitate other arrests by participating in purchasing marihuana or other drugs from prospective criminals. However, the appellant and the deputy did not consummate an agreement that would lead to immunization of the appellant from prosecution, and therefore, the appellant was indicted on March 7, 1991, for cultivation of marihuana by the Putnam County Grand Jury.

The appellant filed the appropriate motions to suppress all physical evidence obtained by government agents and to suppress any statements made by the appellant. The appellant also filed a motion to dismiss the indictment based upon the misclassification of marihuana under *W.Va. Code,* 60A-4-401(a) [1983]. The trial court denied the motions. The trial commenced on June 10, 1991, and on June 11, 1991, the jury found the defendant guilty of manufacturing a controlled substance, marihuana, in violation of *W.Va. Code,* 60A-4-401(a) [1983].

It is from the June 11, 1991, order of the circuit court that the appellant appeals to this Court.

## II

The first point of contention raised by the appellant is that the initial warrantless search of the appellant's mobile home was an unreasonable violation of his constitutional rights and privileges, and the evidence seized as a result of the search was inadmissible. The appellant argues that the officers lacked the requisite probable cause and exigent circumstances to justify the illegal entry and search. However, we stress the crucial factual point in this case is that when the officers entered the mobile home they were there to execute arrest warrants. Given their authority, the officers acted reasonably in entering the unlocked mobile home.

In West Virginia, it is a well settled principle that, "[i]n the absence of one of the exemptions to the warrant requirement, the police must obtain an arrest warrant before entering a home to seize a person." *State v. Peacher,* 167 W.Va. 540, 570–71, 280 S.E.2d 559, 579 (1981), *citing State v. McNeal,* 162 W.Va. 550, 251 S.E.2d 484 (1978).

Furthermore, this Court has previously held in syl. pt. 3 of *State v. Angel,* 154 W.Va. 615, 177 S.E.2d 562 (1970): "If officers are lawfully present and observe what is then and there immediately apparent, no search warrant is required in such instance, and the testimony by the officers with regard to the evidence which they observed is entirely proper."

It is evident from the record that, upon their initial entry into the appellant's mobile home, the two officers reasonably believed that one of the suspects, Ms. Luciano, whom they were looking for, could be inside the mobile home. As the two officers approached the mobile home, they noticed an automobile with a vanity license plate with "Maria 2" on it. A neighbor of the appellant suggested that Ms. Luciano should be at home this time of the day. The officers then, in an attempt to be heard, opened the door and called out for someone to respond to them. It was at this time that the officers saw Ms. Luciano's

purse and a couch with a blanket tossed to its side. Officer McCallister testified that Officer Harrison and he believed that Ms. Luciano was somewhere inside the mobile home. Thus, with the arrest warrants previously referred to in hand, the two men believed Ms. Luciano may have been inside, and they had the legal authority to look and see if she was within the confines of the mobile home.

Moreover, Officer McCallister testified that, in their cursory inspection of the premises, Officer Harrison and he noticed the terrarium in the middle of the bedroom floor. Officer McCallister further testified that they identified the plants within the terrarium as marihuana plants. It should be noted that the actual seizure of the marihuana plants took place during the second visit by the police, pursuant to a valid search warrant.

Thus, it is clear that the police had the legal right to be where they were when they made their observation of the plants and had the authority to seize the plants pursuant to the search warrant which was validly obtained. Therefore, based upon the principles noted above, the appellant's contention regarding the admissibility of the evidence, the marihuana plants, is without merit.

### III

■ The next point of contention raised by the appellant is that the statements made by the appellant to the police were not voluntary but coerced by promises of leniency by the police, and therefore, the appellant's statement should have been suppressed as illegal, unconstitutionally obtained evidence.

This Court has maintained that:

To render admissible evidence of an extra-judicial confession by an accused to one in authority, or some person acting under the apparent sanction of those in authority, it must appear that the confession was freely and voluntarily made and without previous inducements of a temporal or wordly character in the nature of threats or intimidation, or some promise or benefit held out to the accused by which he may expect mitigation of punishment or to escape from the consequences of his crime.

Syllabus, *State v. Zaccario*, 100 W.Va. 36, 129 S.E. 763 (1925). In order to determine the definition or test of voluntariness, one must ask, "[i]s the confession the product of an essentially free and unconstrained choice by its maker?" *State ex rel. Williams v. Narick*, 164 W.Va. 632, 636, 264 S.E.2d 851, 855 (1980). Another point of inquiry, in determining the admissibility of a confession, is whether the defendant knowingly and intelligently waived his constitutional rights. *See State v. Hall*, 174 W.Va. 599, 600, 328 S.E.2d 206, 208 (1985). We find that these questions can be answered in the affirmative.

■ Furthermore, the standards of review, in criminal cases, are well established. "The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion." Syl. pt. 5, *Casto v. Martin*, 159 W.Va. 761, 230 S.E.2d 722 (1976), citing syl. pt. 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955). More specifically, with respect to confessions, this Court has held, "[i]t is a well-established rule of appellate review in this state that a trial court has wide discretion in regard to the admissibility of confessions and ordinarily this discretion will not be disturbed on review." Syl. pt. 2, *State v. Vance*, 162 W.Va. 467, 250 S.E.2d 146 (1978).

■ In applying the above-noted principles to the facts in this case, we are of the opinion that the trial court did not abuse its discretion by allowing the appellant's statements to be admitted as evidence.

As it is evident from the transcript, before the appellant made a statement to the police, he was advised of his rights by Deputy Sisk. The appellant then indicated to Deputy Sisk that he wanted to answer the officer's questions without an attorney present. Yet, before the question and answer session began, the appellant also signed a waiver of his rights. This waiver

simply confirmed the fact that the appellant wished to give a statement or a series of statements without the presence of a lawyer, and he was giving such statements under his own free will, without coercion or pressure of any kind. Once these important preliminary matters were taken care of, the discussion between Deputy Sisk and the appellant commenced.

The record is unclear as to when Deputy Sisk and the appellant discussed the possibility of dropping the charges for cultivation of marihuana against the appellant and his girlfriend if the appellant would cooperate. It also appears from the record that there was some confusion or a misunderstanding between Deputy Sisk and the appellant as to what was meant by "cooperation." Deputy Sisk clarified, on redirect examination, that he considered adequate cooperation from the appellant to mean that the appellant would participate in other marihuana or drug buys. However, the appellant and the deputy failed to formalize and perfect such an agreement.

## IV

The appellant's final point of contention is that the cumulative effect of the errors committed by the trial court denied the appellant his constitutional right to a fair trial. This argument is also without merit.

After a thorough review of the record, we conclude that the "cumulative error" doctrine is not applicable in this case. *See, e.g., State v. Plumley*, 181 W.Va. 685, 694, 384 S.E.2d 130, 139 (1989); *State v. McKinney*, 178 W.Va. 200, 207, 358 S.E.2d 596, 603 (1987).

Based upon all the above, the decision of the Circuit Court of Putnam County is affirmed.

Affirmed.