484 S.E.2d 177

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Jonathan J. RAGER, Defendant Below, Appellant.**

**No. 23449.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 15, 1997.

Decided Feb. 21, 1997.

Darrell V. McGraw, Jr., Attorney General, C. Cooper Fulton, Assistant Attorney General, Charleston, for Appellee.

Bruce M. White, Harrisville, for Appellant.

**PER CURIAM:**

Jonathan J. Rager appeals his convictions of brandishing a firearm and robbery by use of a firearm by a jury in the Circuit Court of Wood County. On appeal, Mr. Rager alleges: first, a new trial should be granted based on newly-discovered evidence; and second, because his fatigue prevented him from giving a knowing and intelligent waiver, his confession was involuntary. Because we find no reversible error in this case, we affirm Mr. Rager's convictions.

## I.

### *Facts and Background*

On the evening of November 25, 1994, Darrell Balser was walking near Fifth and Avery Streets in Parkersburg when allegedly he was approached by the defendant who put a gun in Mr. Balser's back and demanded money. After Mr. Balser claimed to have only three dollars, the defendant apologized and said he "was going to rob another guy." Mr. Balser reported the incident to the police.

Shortly after the first incident around 11 p.m., the defendant asked directions from Michael Calebaugh, who was walking on Sixth Street. While Mr. Calebaugh was giving directions, the defendant allegedly pulled a handgun from his pants and threatened to kill Mr. Calebaugh if he did not hand over his wallet. Mr. Calebaugh handed over his wallet. When the defendant discovered the wallet contained no money, he again threatened Mr. Calebaugh. Mr. Calebaugh responded by pulling two dollars from his pocket and by asking the defendant to put the gun away. When the defendant demanded more money, Mr. Calebaugh handed over fifty dollars.

The defendant, apparently seeing a police car approach, ran away. After a brief chase, the defendant was captured. After Mr. Calebaugh told the officers that the defendant had robbed him, the defendant, now handcuffed, said "Hey man, I'm sorry. Here's your money back." The police officer took fifty-two dollars from the defendant's right hand and, under the right side of the defendant's belt, found a Smith & Wesson .44 Magnum pistol.

The defendant was taken into custody about midnight, and at approximately 1:25 a.m., he was taken into an interview room by Detective Pierce of the Parkersburg Police Department. After being informed of his

*Miranda*[1] rights, the defendant waived them orally and in writing. In an electronically recorded interview, the defendant admitted to brandishing a loaded gun and robbing a man of fifty dollars. The defendant also told the police that he was drunk at the time of the incidents. The interrogation ended at 1:45 a.m., and the defendant was transported to the Wood County Correctional Center, without being taken to a magistrate.

Subsequently, the defendant was indicted for an attempted robbery by use of firearm and robbery by use of a firearm, violations of *W.Va.Code*, 61–2–12 [1961]. After a trial, a jury convicted the defendant of brandishing a firearm (a lesser-included offense of attempted robbery by use of a firearm) and robbery by use of a firearm. The defendant was sentenced to serve consecutively 90 days for brandishing and 15 years for robbery. The defendant appealed to this Court alleging newly discovered evidence, violation of the prompt presentment rule and involuntary confession because of fatigue caused in part by intoxication.[2]

## II.

### Discussion

### A.

### Newly Discovered Evidence

On appeal, the defendant maintains that after his trial, two new pieces of evidence were discovered concerning his intoxication, namely a medical form completed by the jail when he was first detained and tampering with a witness who would have testified about his drinking. According to the defendant's brief, after his trial a deputy at the jail remarked to the defendant that he had been in a state of "obvious intoxication at the time of his processing at the jail." The deputy said that the medical form used upon admission to the Wood County Correctional Center noted that the defendant was under the influence of alcohol. The medical form was at-tached to the defendant's brief, which also included the deputy's statement.

The defendant argues that the deputy's knowledge should be imputed to the prosecution. Based on this knowledge, the defendant argues that the State failed to disclose "exculpatory evidence" and knowingly offered "untruthful statements of a government witness" because the detective who questioned the defendant testified the defendant did not appear intoxicated and no odor of alcohol was detected.

According to the defendant's supplemental brief, on August 11, 1996, the defendant also discovered that one of his witnesses, who would have testified that he had been drinking all afternoon, had been wrongfully approached and "the nature of the tampering is strongly suggestive of police misconduct." According to the defendant's supplemental brief, the witness received an unsolicited telephone call before the defendant's trial from a man who told the witness that if she testified she could "be jailed for underage drinking, having a gun in the car and conspiracy." The witness did not testify at the defendant's trial.

The State argues that this Court should not consider the alleged newly discovered evidence because these matters have not been addressed by the circuit court. However, if this Court does address these matters, the State argues: (1) the medical form was available from sources other than the prosecution; (2) knowledge of the form by the correctional officers should not be imputed to the prosecution; (3) the medical form was not "material" evidence within the meaning of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (4) the State did not use perjured testimony.[3]

■ We begin our discussion by noting that the question of the newly discovered evidence was never presented to the circuit

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. Because during oral argument, counsel for the defendant conceded that the prompt presentment requirement was not violated in this case, we decline to address the issues relating to that assignment of error. *See State v. Humphrey*, 177 W.Va. 264, 351 S.E.2d 613 (1986)(discussing the prompt presentment rule).

3. We commend the State for its thorough and well-researched brief.

court. This Court has before it only the allegations of newly discovered evidence contained in the defendant's brief and supplemental brief. Furthermore, the State has not had an opportunity to respond to the alleged newly discovered evidence presented in the defendant's supplemental brief. Without an adequate record, this Court lacks the information necessary to decide. We have long held that we will not consider assignments of error presented for the first time on appeal or which might had been remedied by the circuit court upon proper objection. Syllabus Point 17 of *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974) states:

> As a general rule, proceedings of trial courts are presumed to be regular, unless the contrary affirmatively appears upon the record, and errors assigned for the first time in an appellate court will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court if objected to there.

*In accord State v. McKinney,* 178 W.Va. 200, 204, 358 S.E.2d 596, 601 (1987). *See* Syllabus Point 2, *State v. Hutchinson,* 176 W.Va. 172, 342 S.E.2d 138(1986)(discussing the plain error rule).

■ We find that the assignment of error based on newly discovered evidence is not ripe for direct appellate review; rather, the defendant should have sought post-conviction relief either by motion under Rule 33 [1995] of the *West Virginia Rules of Criminal Procedure* for newly discovered evidence or by a petition for a writ of habeas corpus. At this juncture of the case, the success of a Rule 33 motion is doubtful because although Rule 33 does not require a motion based on newly discovered evidence to be made within ten days of the verdict, it limits consideration of "the motion only on remand of the case." [4] A habeas corpus proceeding appears to be the appropriate procedure for the defendant to have the newly discovered evidence considered by the circuit court.

■ We note that the burden in a habeas corpus proceeding is identical to the burden under a Rule 33 motion. *See State ex rel. Daniel v. Legursky,* 195 W.Va. 314, 325 n. 18, 465 S.E.2d 416, 427 n. 18 (1995); *U.S. v. Smith,* 62 F.3d 641, 649 (4th Cir.1995) (post-trial challenges to matters not appearing on the record are governed by the same standard irrespectively of the procedural posture). In *State v. Crouch,* 191 W.Va. 272, 275–76, 445 S.E.2d 213, 216–17 (1994), we again stated the main requirements for granting a new trial based on newly discovered evidence.[5] Because the circuit court has not had the opportunity to examine the issue, we decline to address the arguments on whether a new trial should be granted and

---

4. Rule 33 [1995], *W.Va.R.Cr.P.* provides:

    The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony, and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within ten days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period.

5. *State v. Crouch, supra,* 191 W.Va. at 275–76, 445 S.E.2d at 216–17, *quoting,* Syl. pt. 1, *State v. O'Donnell,* 189 W.Va. 628, 433 S.E.2d 566 (1993) states, in pertinent part:

    " 'A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side.' Syllabus, *State v. Frazier,* 162 W.Va. [9]35, 235[253] S.E.2d 534 (1979), *quoting,* Syl. pt. 1, *Halstead v. Horton,* 38 W.Va. 727, 18 S.E. 953 (1894)." Syl. Pt. 1, *State v. King,* 173 W.Va. 164, 313 S.E.2d 440 (1984).

express no opinion concerning whether the defendant meets those requirements.

Because we are unable to determine intelligently the merits of the assignment of error concerning newly discovered evidence, we find that today's decision does not foreclose further development of this issue on post-conviction collateral attack, if that procedure is available to the defendant. Our holding today is similar to our treatment of the issue of ineffective assistance of counsel when that issue is raised on direct appeal. *See State v. Miller,* 194 W.Va. 3, 14–17, 459 S.E.2d 114, 125–128 (1995)(outlining reasons why most ineffective assistance of counsel assignments of error are "not ripe for direct appellate review").

Because we lack an adequate record and the circuit court has not had the opportunity to address the issue of newly discovered evidence, we hold this issue is not ripe for direct appellate review.

## B.

### *Voluntariness of the Confession*

The defendant maintains his . confession was not knowing and voluntary because of his fatigue that was caused by the late hour, his consumption of alcohol and his attempted "flight by foot." [6] The State argues that no evidence shows the defendant's fatigue resulted in a lack of mental capacity to make a knowing and voluntary waiver.

■ This Court must make an independent evaluation of the evidence to determine whether a defendant's statement was voluntary. However, we give deference to the circuit court's observations and findings of facts, except as to the ultimate issue of voluntariness. Syllabus Point 2 of *State v. Farley,* 192 W.Va. 247, 452 S.E.2d 50 (1994), states:

This Court is constitutionally obligated to give plenary, independent, and *de novo* review to the ultimate question of whether a particular confession is voluntary and whether the lower court applied the correct legal standard in making its determination. The holdings of prior West Virginia cases suggesting deference in this area continue, but that deference is limited to factual findings as opposed to legal conclusions.

*See State v. Bradshaw,* 193 W.Va. 519, 527, 457 S.E.2d 456, 464, *cert. denied,* — U.S. —, 116 S.Ct. 196, 133 L.Ed.2d 131 (1995).

In *State v. Bradshaw,* 193 W.Va. at 534, 457 S.E.2d at 471, we noted no single factor is determinative, but indicated, under prior case law, some important factors "include actual threats or physical intimidation, mental coercion, the length and form of confinement, deceptions, inducements, and/or other forms of psychological pressure."

■ In this case, the defendant's confession was obtained during a 20–minute early morning interview. The defendant alleges that he was tired and that his consumption of alcohol contributed to his fatigue. However, although the defendant, in his statement, said that he was drunk at the time of the robbery, he made no claim of being intoxicated when he gave his statement. During the *in camera* hearing held by the circuit court on the voluntariness of the confession, Detective Pierce testified that the defendant "didn't appear to me that he was intoxicated . . ., and I watched him as I asked him questions, and he talked very clearly." Detective Pierce also testified that he knew the defendant had been drinking, but "didn't smell anything that's out of the ordinary." During the *in camera* hearing, no questions were asked about the defendant's fatigue. Based on the evidence presented in the *in camera* hearing, the circuit court allowed the defendant's statement to be place in evidence.

After examining the totality of the circumstances, we hold that there was sufficient

---

**6.** The defendant made three statements that the State introduced into evidence. The first statement was made at the time of his capture, when the defendant said to the victim, "Hey, man, I'm sorry. Here's your money back." The second statement, which is the subject of this assignment of error, was given to Detective Pierce between 1:25 and 1:45 a.m. on November 26, 1994. The third statement was made by the defendant after processing as he was being transported to the Wood County Correctional Center when, according to Detective Pierce, the defendant spontaneously said, "I really f—— up this time."

evidence in the record to support a finding that the defendant's confession was voluntary. Accordingly, we find no merit in this assignment of error concerning the voluntariness of the defendant's confession.

For the above stated reasons, the judgment of the Circuit Court of Wood County is affirmed.

Affirmed.