# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below, Respondent**

**vs) No. 14-0758** (Ohio County 12-F-79)

**Robert W. Holpp, Defendant Below, Petitioner**

**FILED**

April 13, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert W. Holpp, by counsel Justin M. Hershberger, appeals the Circuit Court of Ohio County's June 16, 2014, order resentencing him to an enhanced recidivist term of incarceration of four to ten years following his conviction of one count of malicious assault. The State, by counsel Julie A. Warren, filed a response. On appeal, petitioner alleges that the circuit court erred (1) in admitting his custodial statement without first holding an in camera hearing, and (2) that the evidence was insufficient to support his conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2012, an Ohio County Grand Jury returned a superseding indictment against petitioner on one count of malicious assault, alleging that petitioner beat his girlfriend and caused bodily injury. The grand jury also indicted petitioner on one count of retaliation against a witness, alleging that petitioner threatened to injure his girlfriend if she testified against him. Prior to trial, petitioner requested notice from the State as to its intention to use evidence of his other crimes, wrongs, or acts under Rule 404(b) of the West Virginia Rules of Evidence. The State then moved to admit evidence that petitioner was previously convicted of unlawful assault against the same victim. At a pretrial hearing, the victim testified that petitioner was previously convicted for a 2007 assault upon her that resulted in facial fractures. She further testified that petitioner beat her again on December 22, 2011. Ultimately, the circuit court granted petitioner's motion to exclude evidence of his prior conviction, but did allow the victim to testify that petitioner had beaten her in the past to explain her delay in reporting the most recent incident due to her fear of repercussions.

Petitioner's jury trial commenced in October of 2012. During trial, the State introduced evidence from Deputy Michael Warren of the Ohio County Sheriff's Department. Deputy Warren responded to calls of a fight at a bar in Triadelphia, West Virginia, involving petitioner

1

and ultimately arrested him. As petitioner was led to the deputy's vehicle, he stated that "[i]f this costs me my job, I'll go back to prison." Just prior to the deputy's trial testimony, petitioner moved to exclude this statement. The State argued that it was a voluntary, spontaneous statement made by petitioner that had previously been disclosed to him through the police report. As such, the circuit court permitted the statement into evidence.

Ultimately, the jury found petitioner guilty of malicious assault but acquitted him of the charge of retaliation against a witness. Petitioner moved for judgment of acquittal or a new trial, arguing there was insufficient evidence to establish that he intended to maim, disfigure, or kill the victim, but the circuit court denied the motion. The State then filed a recidivist information against petitioner. At the subsequent recidivist trial, the jury found that petitioner was the same individual who had previously been found guilty of unlawful assault in 2007. The circuit court then sentenced petitioner to an enhanced term of incarceration of four to ten years. A resulting order resentencing petitioner is the order now on appeal.

"'A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 6, *State v. Anderson*, 233 W.Va. 75, 754 S.E.2d 761 (2014). Upon our review, the Court finds no error in the circuit court admitting petitioner's statement to police without first holding an evidentiary hearing. To be clear, petitioner argues on appeal that the circuit court "had a mandatory duty to hold a hearing outside the presence of the jury" and that this alone constitutes reversible error. The Court, however, disagrees.

Petitioner incorrectly relies upon our prior case law directing that circuit courts have a mandatory duty to hear evidence regarding confessions outside the jury's presence in order to determine whether or not they were voluntarily made. *See* Syl. Pt. 1, *State v. Fortner*, 150 W.Va. 571, 148 S.E.2d 669 (1966). However, petitioner's argument ignores our subsequent holdings, including our direction that "Syllabus Point 1 of *State v. Fortner*, 150 W.Va. 571, 148 S.E.2d 669 (1966), is overruled to the extent that it states that the failure to hold an *in camera* hearing on the voluntariness of a confession 'constitutes reversible error.'" Syl. Pt. 2, in part, *State ex rel. White v. Mohn*, 168 W.Va. 211, 283 S.E.2d 914 (1981). This Court then set forth the following standard:

> "Where there is a failure to hold an in camera hearing on the defendant's inculpatory statements, we recognize under *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), that the case will not be reversed for a new trial on this basis alone. Instead, it will be remanded for a voluntariness hearing before the trial court. If the trial court finds the statements are voluntary the verdict will stand. If, on the other hand, he finds the statements to be involuntary, the verdict will be set aside unless the trial court determines that this constitutional error is harmless beyond a reasonable doubt." Syllabus Point 5, *State v. Clawson*, 165 W.Va., 270 S.E.2d 659 (1980).

*Id.* at Syl. Pt. 1. While it is true that the circuit court did not hold an in camera hearing regarding petitioner's statement, the Court finds that reversal is not warranted in light of the fact that the

statement is not inculpatory and the fact that petitioner does not challenge that the statement was voluntarily made.

As noted above, the applicable standard requires only that an in camera hearing be conducted in regard to a defendant's inculpatory statement. In the present matter, petitioner simply stated that "[i]f this costs me my job, I'll go back to prison." Upon our review, the Court finds that this statement is not inculpatory as it does not incriminate him in regard to the crime for which he was arrested. Moreover, the standard set forth above requires that in instances where an inculpatory statement is admitted without an in camera hearing, that the matter be remanded for a voluntariness hearing. Such a remand is unnecessary in this matter, given that petitioner has presented no evidence that his statement was not voluntarily made. Because petitioner's statement was neither inculpatory nor made involuntarily, the Court finds no error in the circuit court's decision not to hold an in camera hearing prior to its admission into evidence.

As to petitioner's assignment of error that the evidence was insufficient to support his conviction, the Court finds no merit to this argument. We have previously held as follows:

> "A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 4, *McBride v. Lavigne*, 230 W.Va. 291, 737 S.E.2d 560 (2012). Upon our review, the Court finds no error in this regard. Petitioner erroneously argues that "[b]ecause there was no permanent disability or disfigurement [to the victim] and no evidence of an intent to produce the same," then the evidence was insufficient to establish that he possessed the requisite "intent to maim, disfigure, disable or kill" necessary for a conviction of malicious assault under West Virginia Code § 61-2-9. However, this argument fails for two reasons. The first is that actual permanent injury is not required to sustain a conviction of malicious assault; only an intent to inflict the same.

Second, we have previously held that "[u]nder our malicious wounding statute, W.Va.Code [§] 61–2–9, evidence of the extent of an injury is admissible since under the statute the State must show that the defendant inflicted the injury with an intent to produce a permanent disability or disfiguration." Syl. Pt. 5, *State v. Scotchel*, 168 W.Va. 545, 285 S.E.2d 384 (1981). Contrary to petitioner's assertion that no evidence established his intent to main, disfigure, disable, or kill the victim, the jury heard ample evidence in this regard. This included the victim's account of the incident wherein she described petitioner using both an open and closed

fist to hit her in the back of the head and in the face, and the fact that after she escaped the vehicle, petitioner dragged her back to continue the physical altercation. The victim described injuries to her entire body, including two black eyes and a bloody nose. Moreover, the victim's mother testified that one of the victim's eyes was swollen shut, and that she had bite marks and lacerations on her face, choke marks around her neck, and bruising over her entire body. The jury further saw photographs of these injuries. Importantly, petitioner provided no evidence to rebut the severity of these injuries, aside from his parents' testimony that they did not notice any of the victim's injuries after the altercation. As addressed above, the severity of the victim's injuries is admissible to establish the requisite intent for a charge of malicious assault, and we find that the evidence in the present matter was sufficient to support petitioner's conviction for that crime.

For the foregoing reasons, the circuit court's June 16, 2014, resentencing order is hereby affirmed.

Affirmed.

**ISSUED**: April 13, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II